Memorandum in Support of
Application for writ of
Habeas Corpus

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 19 2015
Abel Acosta, Clerk

83,236 -01

IN THE
Court of Criminal Appeal
Austin, Texas

from the Criminal District
Court No. 179th of HARRIS
County, Texas Cause No. 1364440-A

Stevie Wyre

V

The State of Texas

Stevie Wyre
TDCJ# 1858012
2665 Prison Rd "1
Lovelady Texas 75851
PRO-Se

No. _____

IN THE TEXAS
Court of Criminal Appeal
Austin, TEXAS

EX PARTE

Stevie Wyre

179th Judicial District
Court of HARRis
County, TEXAS

Memorandum in Support of
Application for Writ of Habeas
Corpus Seeking Relief from
final felony Conviction under
Article 11.07

To THE Honorable Judge of the Court of
Criminal Appeal:

Now Comes, Stevie Wyre, Applicant and Submitts this
memorandum in support of Application for writ
of Habeas Corpus Seeking Relief from final felony
Conviction under Article 11.07 Texas code of
Criminal Proceduce And would show this HONORABLE
Court the following:

# I.

## Jurisdiction

This Honorable Court has Jurisdiction over this the parties and the extraordinary matter pursuant to Article 11.07 of the Texas Code of Criminal Procedure

# II.

## Confinement and Restraint

Applicant was convicted of Aggravated Sexual Assault in the case and sentenced to 25 years in prison in unlawfully confined and restrained of his liberty by Stevie Wyre acting in his official capacity as Director of the Texas Department of Criminal Justice Correctional Institution Division (T.D.C.I.D) Eastham Unit, Aggravated Assault Case No. 1364440, 179th Judicial District Court of Harris County, Texas to Article 11.22 of Texas Code of Criminal Procedure.

2.

# III.

## Ground for Relief

Ground one:

Applicant Received ineffective Assistance of Counsel At his Pre-sentence investigation hearing where Counsel 1.) failed to object to unsworn victim impact statement entered into evidence before sentencing and 2.) failed to object to the twenty-five year sentence As Cruel And unusual punishment in violation of the Eighth Amendment, where the Record Reflects the Applicant was Eligible for Probation.

Ground two:

Applicant Received Cruel And unusual Punishment where the Record Reflects that He Received twenty-five years in T.D.C, But was Eligible for Probation.

Ground Three:

The Trial Court erred in Accepting letters from the State Containing unsworn victim Statement Requesting A life sentence without parole, prior to sentencing.

3.

## IV.

## Statement of the Case

This Appeal lies from the applicant's conviction for Aggravated Sexual Assault of a child under 14 years of age. In three points of error, Applicant complains. 1.) He received ineffective assistance of counsel with regard to his Pre-Sentence investigation hearing. 2.) that He suffer Cruel and unusual punishment in violation of the Eighth Amendment where the record reflects the Applicant was sentenced to twenty-five years T.D.C. But was Eligible for probation and 3.) The Trial Court erred in Accepting letters containing unsworn victim impact statement requesting the Applicant be given a life sentence without parole, prior to Sentencing.

## V.

## Statement of Facts

The Clerk's record reflect that on May 9, 2013, a pre-sentence investigation hearing was held in Cause No. 1364440 the State of Texas vs. Stevie Wyre (C.R. II-1). The record reflects the applicant pled guilty to the offense of Aggravated sexual assault of a child under 14 years of age. And the case was set for a pre-sentence investigation hearing (C.R. II-3).

Prior to the pre-sentence investigation hearing, the record reflects that the applicant agreed that there was no guarantee that he would get probation (C.R. II-4) The record reflects that the applicant agreed that there no guarantee that he would get probation

4.

OR the least AMOUNT, five years and that the Court has full RANGE of punishment, five years to life (C.R.II-4) The Record Reflects that the Applicant agreed that if the Court decided that he deserved probation, deferred, the Court could do that if the Court desired. (C.R.II-4).

The Record Reflects that the Applicant still wanted to persist in his plea and did not want a trial (C.R.II-4).

The first witness called by the State was Karen Parker (C.R.II-5) Ms. Parker is employed with the Department of family and Protective Services. C.R.II-5) Ms. Parker became involved in the case on December 5, 2012 and met with the children individually, their parents and with Mr. Wyre, the Applicant, where he was incarcerated (C.R.II-6) Ms. Parker stated that the children have a lot of fear in them and have a hard time disclosing and talking about the Abuse but its slowly coming out (C.R.II-6) Ms. Parker stated that one of the children, Anabel told her, she did not want to celebrate her birthday because the Applicant, Raped her on her birthday (C.R.II-7). Ms. Parker met with the Applicant two time in the Jail on San Jacinto, to explain to him what a family plan of service is and to see if he was interested in working with the service (C.R.II-7-8). She, Ms. Parker did it because the Applicant children love him (C.R.II-8). At this time the Defense Object to any statement made by the Applicant because the Applicant had pled guilty (C.R.II-8) The objection was overruled (C.R.II-8). Ms. Parker stated that the Applicant was somber and PARANOID, and would not sign the family plan of service At the time C.R.II-8). On the second visit the Applicant Advised Ms. Parker that she told him that if he signed the family plan of service, he would be Able to get out of the Jail. (CR.II-9).

5.

Ms. Parker said she never promised that and had no power or Authority to make Any statement such as that (C.R.II-9). Ms. Parker stated that the applicant was agitated, and indicated that his Attorney said he shouldn't speak to her. (C.R.II-9). Ms. Parker stated that she would be the caseworker for the girls and they were in a safe environment (C.R.II-10). Ms. Parker was excused (C.R.II-10).

The Court noted that the State had provided the Court with some letters (C.R.II-10). The State agreed that the State had provided the Court with some letters, which had been tendered to the Defense (C.R.II-10). The Defense had no objections to the letters being Admitted to the P.S.I. Report (C.R.II-10).

The State Rested and the Defense called the Applicant Stevie Wyre to the stand. (C.R.III-3).

Mr. Wyre, the applicant stated that he had never been convicted in this state or any other state of a felony offense C.R.III-3.) He indicated that he never been placed on felony Adult probation in this state or any other state in the United States C.R.III-3,4). Mr. Wyre agreed that he pled guilty to an offense because he was guilty and that he was coming to the Court for punishment and asking the Court for mercy (C.R.III-4) He agreed that he would Able to work and support his dependent and follow the Court's Rules C.R.III-4)

Mr. Wyre indicated that he was Able to Report once a month and was working doing sandblasting, working as a painter and making approx. $2500°° a month C.R.III-4, 5).

Mr. Wyre stated that he has ten dependent, five of them are teenagers and the rest are little Kids C.R.III-5) He stated he has six natural children and the complainants were not his children C.R.III-5) He stated that if He was given a second chance, he would be a better father C.R.III-5.

6.

Mr. Wyre stated that he was forty-two years old C.R.III.5). Mr. Wyre agreed that he understood the Judge had the full range of punishment, anywhere from five years to life, if the Court did not consider deferred adjudication (C.R.III-6). Mr. Wyre that if the Judge did not consider deferred adjudication, he was asking her to consider the lower end of punishment C.R.III-6).

Mr. Wyre asked the Court to please give him a chance because he had an 11 month old and a 5 year old that need him. (C.R.III-6). He indicated that he understood that the Court was going to order him not to have contact and pay child support C.R.III 6,7).

On Cross, Mr. Wyre agreed that he admitted that he sexually assaulted his three stepchildren C.R.III-9). He agreed that he sexually assaulted Anabel more than once, C.R.III-9). He agreed that Anabel was 14 years old when he started C.R.III-10). He agreed that he sexually assaulted Maribel Gonzales and when she came home he beat her up. C.R.III-10)

In Closing, the State asked Court to look at the letters from children and to consider all of the evidence in the P.S.I. Report C.R.III-12).

State's Exhibit 1, the P.S.I report, was entered into evidence, prior to sentencing (C.R.III.12).

Following closing argument, the Court found the Applicant guilty and sentenced him to twenty-five years T.D.C. (C.R.III-13)

7.

# VI.
## Argument and Authorities

### Applicant First Ground

Applicant received ineffective assistance of counsel at his Pre-Sentence investigation Hearing where counsel 1). failed to object to unsworn victim impact statement entered into evidence before sentencing and 2). failed to object to twenty-five year sentence as cruel and unusual punishment in violation of the Eighth Amendment, where the record reflects the Applicant was eligible for probation.

The Strickland test now applies to the punishment phase of an Non-Capital trial. See Hernandez v. State 988 S.W. 2d 770 (Tex. Crim. App. 1999 overruling Ex parte Duffy, 607 S.W. 2d 507, 516 (Tex. Crim. App. 1980) Establishing test for ineffective assistance of counsel in punishment phase of non-capital trial. We now apply the same two-prong Strickland standard of review for ineffective assistance of counsel claims in both the guilt/innocence phase of trial and the punishment phase of trial. See Hernandez v. State 726 S.W. 2d 53, 55 (Tex. Crim. App. 1986.

To show ineffective assistance of counsel at punishment the Applicant must first demonstrate counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. See Strickland v. Washington 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) see McFarland v. State 928 S.W. 2d 482, 500 (Tex. Crim. App. 1996) Counsel's competence is presumed, and the Applicant must rebut this presumption by identify the act or omission of counsel that are alleged as ineffective and affirmatively prove that they fell below the professional norm of reasonableness see McFarland 928 S.W. 2d at 500. An ineffective claim cannot be demonstrated by isolating any portion of counsel's representation but is judged on the totality of the representation. See Strickland 466 U.S. at 688, 104 S. Ct. at 2065.

The Supreme Court has held that counsel's deficient performance that resulted in a higher sentence under determinate sentencing guidelines constitutes prejudice Glover v. United States. 531 U.S. 198 (2001).

Counsel's Representation Fell
Below An Objective Standard
Of Reasonableness

In the instant case, Applicant argues that he received ineffective assistance of counsel where counsel 1). failed to object to unsworn victim impact statement contained within the pre-sentence investigation report and within letters to the Court that were entered into evidence before sentencing and 2). failed to object and make a Eighth Amendment Objection thereby WAIVING, Applicant Review where the Applicant Received 25 years.

I. Failure to Object to Unsworn Victim
Impact Statement Admitted into
Evidence. Before Sentencing.

In Gifford v. State 980 S.W. 2d 791 (Tex. App.-Houston [1st Dist] (1998) pet ref'd the First Court of Appeal reversed and Remanded for a new punishment hearing, where counsel for the defense 1). failed to object to unsworn victim impact statement made before sentencing and 2). did not ask to conduct cross-examination. The Court noted in Gifford: Clearly, Mr. Farrer's statement having been made before punishment was assessed, did not qualify as a statement being made under Article 42.03. It simply failed to meet the guidelines established by that Article. Consequently the trial court should not have allow the statement. to occur before PRONOUNCEMENT OF SENTENCE.

9.

In Addition Article 37.07 of the Texas Code of Criminal Procedure does Not Authorize the use of such a statement. See Tex Code Crim Proc. Ann Art. 37.07 While, we Recognize that the trial court has broard discretion under Article 37.07 to decide what is Relevant to sentencing, we find Nothing in the Article to lead us to conclude that the legislature intended to Allow unsworn statement At the punishment hearing.

A victim impact statement, As Authorized by the United States Supreme Court in Payne v. Tennessee 501 U.S. 808,827 111 S.Ct 115 L.Ed. 720 (1991) and by the Texas Court of Criminal Appeal in Ford v. State 919 S.W. 2d 107, 114-16 (Tex. Crim. App. 1996) is testimony given under oath And capable of being cross-examined, In short the statement was inappropriate because it was Not Sworn Nor capable of being cross-examined Counsel should have objected and the trial court should Not have Allowed the statement to be given.

With Regard to the ineffective Assistance of counsel claim the court Noted for trial counsel's failure to object to have ineffective Assistance, Applicant must demonstrate that if he Object the trial Judge would have committed error in Refusing to sustain his objection" Vaugh v. State 888 S.W. 2d 62, 74 (Tex. App.-Houston 1ˢᵗ Dist)(1994) Aff'd 931 S.W. 2d 564 (Tex. Crim. App. 1996). We believe that if Gifford's trial Counsel had objected to the victim impact statement the trial Court would have erred in overruling the objection. Thus Gifford has demonstrated that his trial counsel was ineffective.

10.

In the instant case, the complained of the unsworn victim impact statement were contained within the P.S.I Report and within the letters from the sister Marisa C. Maribel G. and Anabel C. complaining witness.

These unsworn statement were entered into evidence before punishment was assessed. The witness were not present to testify and therefore were unavailable for cross-examination.

At the punishment hearing and before punishment was assessed Ms. Parker was excused and the State agreed that the State had provided the Court with some letters which had been tendered to the Defense (C.R.II-10) the Defense had no objection to the letters being admitted to the P.S.I. Report. (C.R.II-10).

State's Exhibit 1 the P.S.I report was entered into evidence, prior to sentencing (C.R.III-12).

The letters from Marisa C., Maribel G. and the complaining witness. Anabel C., appear in Court's Reporters Volume IV, page 34 through 39 and reflect their views about the offense, the defendant and the effect of the offense on the victim. Specifically, the letter signed by Marisa C., stated that the stress is overwhelming " She feel like her friend will begin to Judge her and she requested that the applicant be sentenced to life in prison. with out Parole (C.R.IV-35) the letter signed by Maribel G. stated that she hope that the Applicant was given enough time to truly change (C.R.IV-36) The letter signed by Anabel stated that the Applicant should go to prison and stay there for life (C.R.IV-37).

11.

However, as previously mentioned, the Defense failed to object to their admission under Article 42.03 Sec 1(b) of the Texas Code of Criminal Procedure. The Texas Code of Criminal Procedure Authorizes a court to receive victim impact statement. See Tex. Code Crim. Proc. Ann. Art 42.03 Sec 1(b) Vernon Supp 2013) but as shown below the legislature has severely limited the use and impact of the statement by requiring that it be made after punishment has been assessed:

(b) The court shall permit a victim, close relative of a deceased victim or guardian of a victim, as defined by Article 56.01 of this code, to appear in person to present to the court and to the defendant a statement of the person's views about the offense, the defendant and the effect of the offense on the victim. The victim relative or guardian may not direct question to the defendant while making the statement. The court reporter may not transcribe the statement. The statement must be made:

1). After punishment has been assessed and the court has determined whether or not to grant community supervision in the case;

2). After the court has announced the terms and condition of the sentence;

3). After sentence is pronounced

The complained of the unsworn victim impact statement contained within the letters were entered into evidence 1) before punishment was assessed. 2). before the court announced the terms and condition of the sentence and 3). before sentence was pronounced. Clearly these unsworn victim impact statement, did not qualify as admissible statement under Article 42.03. Consequently Defense counsel should have object to the State introduction of the letters containing unsworn victim impact statement made into evidence.

12.

As previously noted failure to object to a victim impact statement made before sentencing has been held to be ineffective assistance of counsel and reversible error. Gifford v. State 980 S.W. 2d 791 (Tex. App- Houston (1st Dist) 1998, pet ref'd). see also Johnson v. State 286 S.W. 3d 346 (Tex. Crim. App. 2009) Judge had no discretion to impose jail time as condition of probation After Judge heard unsworn and un-cross-examined victim Allocution, including statement that victim wanted defendant to go to jail.

### II) Failure To Object To The 25 year Sentence As Cruel and Unusual Punishment

Defense Counsel failed to object to the Applicant sentence 25 years in prison for Aggravated sexually Assaulted of a child under 14 year of age as cruel and unusual punishment under the Eighth Amendment.

Failure to raise an Eighth Amendment objection At trial prevent making any such claim on appeal. see Tex. R. App. P. 33. 1(A) Curry v. State 910 S.W. 2d 490, 497(Tex. Crim. App. 1995). Failure to preserve error has been to ineffective assistance of counsel. Montez v. State 824 S.W. 2d 308 (Tex. App San Antonio 1992 no pet).

Applicant Argues that ineffective assistance of counsel in this case is the Equivalent of denial of counsel and that He should be granted Another P.S.I. hearing.

The benchmark for Judging a claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that a trial could not be relied on having produced a just result. Strickland v. Washington 466 U.S. 668, 104 S.Ct 2052, 80 L. Ed 2d 674 (1984). To establish ineffective assistance of counsel At the guilt/innocence stage of trial the applicant must show 1). His counsel's performance was deficient, counsel's errors were so serious that He was not functioning as the counsel guaranteed by the Six Amendment and 2). the deficient performance prejudice the defense, deprived him of a fair Trial At 687 see Hernandez v. State 726 S.W. 2d 53, 55 (Tex. Crim. App. 1986).

13.

These ERRORS demonstrate 1). that Applicant's counsel's performance was undeniably deficient, counsel's errors were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment and 2). the deficient performance prejudiced the defense, deprived him of a fair hearing, At 687 Also see Hernandez v. State 726 S.W. 2d 53, 55 (Tex. Crim. App. 1986).

Undersigned Counsel can think of no strategy for 1). failing to object to letters containing unsworn victim Impact Statement Requesting a life sentence, prior to punishment being Assessed 2). failing to object to the twenty-five year sentence in order to preserve the matter for Applicant Review. See United States v. Cronic 466 U.S. 648 (1984), Burdine v. Johnson 262 F 3d 336 5th Cir 2001) cert denied 535 U.S. 1120 (2002)

Applicant must show not only that his Attorney failed to provide Reasonably professional assistance, but that Applicant was thereby harmed by Counsel's failure. Strickland v. Washington Supra. The standard for Reversible errors in whether Judging from the Record as a whole, there is a Reasonable probability that, but for Counsel's unprofessional errors, the Result of the proceeding would have been different. Strickland v. Washington Supra. In Analyzing the harm to Applicant this Court should presumed that the trial court and jury would have acted according to the law. Strickland v. Washington Supra. However Applicant would Note that in showing harm. He is not Required to show that had he Received Reasonably professional Representation then more likely than not a different outcome would have Resulted. Nix v. Whitside 475 U.S. 157, 106 S. Ct 988, 89 L. Ed 2d 123 (1983).

Applicant Received ineffective Assistance of Counsel At his Pre-Sentence Investigation Hearing. This Court should Reverse Applicant Conviction and Remand the case for further proceedings (Tex. R. App. P. 43. 2(d) Vernon Pamp 2013) (Tex. R. App. 44. 2 (a) Vernon Pamph 2013), Tibbs v. Florida 457 U.S. 31, 102 S. Ct 2211 72 L. Ed 2d 653 (1982) Meraz v. State 785 S.W. 2d 146 (Tex. Crim. App. 1990).

14.

## Applicant's Second Ground:

Applicant Received Cruel and Unusual Punishment where the Record Reflects that He received twenty-five years T.D.C., But was Eligible Probation.

Applicant is aware that failure to raise an Eighth Amendment objection at trial prevent making any such claim on appeal. See Tex. R. App. P. 33.1(A) Curry v. State 910 S.W. 2d 490 497 (Tex. Crim. App. 1995).

However, the Texas Rules of Evidence provide that in a criminal case nothing in the Rules preclude taking notice of fundametal errors affecting substantial right Although they were not brought to the attention of the Court T. R. Crim. Evid 103 (d).

Applicant contend that his sentence in disproportionate to the offense for which he was charge and violate the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment where the record reflects that he received a twenty-five year prison sentence from the court, Applicant contends that there is evidence in the record, As Required by Solem v. Helm 463 U.S. 277 (1983) Reflecting Sentences imposed on similar offenses in Texas or other jurisdiction see. Solem v. Helm 463 U.S. 277, 103 S. Ct 3001, 77 L. Ed. 2d 637 (1983).

The record reflects that Mr. Wyre, the Applicant has never been convicted in this state or any other state of a felony offense (C.R. III-3). He indicated that he had never been placed on felony adult probation in this state or any other state in the United States (C.R. III-3, 4) Mr. Wyre agreed that He pled guilty to an offense because he was guilty and He was coming to the Court for punishment and asking the Court for mercy. (C.R. III-4). He agreed that he would be able to work and support his dependent and follow the Court's Rules. C.R. III-4).

15.

Mr. Wyre indicated that he was to report once a month and was working doing sandblasting, working as a painter and make approx. $2500⁰⁰ a month C.R. III-4,5).

Mr. Wyre stated that he has ten dependent, five of them are teenagers and the rest are little kids. (C.R. III-5) Mr. Wyre stated that he has six natural children and the complainants were not his children (C.R. III-5). He stated that if He was given a second chance, He would be a better father (C.R. III5). Mr Wyre stated that He was forty-two year old (C.R. III-5).

The record further reflects that Mr. Wyre was Eligible for probation and file A Motion for probation with the Court prior to the P.S.I. hearing (Ts. I-26).

Applicant contend that a twenty-five sentence is grossly disproportionate to the crime in light of the fact that He has no prior felony conviction and has never been granted Adult probation in this or any other state in the United States. The fact that the Applicant was Eligible for probation indicates that other, Accused of the same offense have been granted probation, thus reflecting sentences imposed on similar offense in Texas or other Jurisdiction. See Solem v. Helm 463 U.S. 277, 103 S.Ct. 3001 77 L. Ed 2d 637 (1983).

This Court Should Reverse Applicant's conviction and remand the case for further proceeding Tex. R. App. P. 43.2 (d) Vernon Pamp 2013), Tex. R. App. P. 44.2 (A) Vernon Pamph 2013) Tibbs v. Florida 457 U.S. 31, 102, S.Ct. 2211 72 L. Ed ed. 653 (1982) Meraz v. State 785 S.W. 2d 146 (Tex. Crim. App. 1990).

16.

Applicant's Third Ground:

The Trial Court Erred in Accepting letters from the State Containing unsworn victim impact statement Requesting A life Sentence without Parole, Prior to Sentencing.

In Johnson v. State 286 S.W. 3d 346 Tex. Crim. App 2009) the Court of Criminal Appeal Reversed and Remanded, holding that a Judge has no discretion to impose Jail Time as a Condition of Probation After Judge heard the unsworn and un-cross-examined victim Allocution, including statement that victim want defendant to go to Jail. The Court Noted that the purpose of Article 42.03 Sec 1(b) (Tex. Code Crim Proc.) is to protect the trial Judge from any implicit or explicit Accusation that he could be or would be influenced by the victim Allocution statement. It is the Appearance of possible influence, as much as the possible fact of influence that the statute guards against.

In the instant Case as Noted in Applicant's First Ground of Error the Defense failed to Object to the introduction of the unsworn victim impact statement that were entered in to evidence before sentencing And thereby failed to Preserve error on Appeal. However, the Texas Rules of Evidence provide that in a Criminal Case, Nothing in the Rules Precludes that taking Notice of fundametal error Affecting Substantial Rights Although they were Not brought to the attention of the Court T.R Crim. Evid 103(d).

In the instant Case as previously Noted in Applicant First Ground of Error the complained of the unsworn victim impact statement were contained within the P.S.I Report with the letter from Maria C. Maribel G. and Anabel C. the complaining witness. These unsworn statement were entered into evidence before punishment was Assessed. The witness were Not present to testify and therefore were unavailable for cross-examination.

17.

At the punishment hearing and before punishment was assessed, Ms Parker was excused, and the State agreed that the State provide the Court with some letters which had been tendered to the Defense (C.R. II-10). The Defense had no objection to the letters being Admitted to the P.S.I. Report (C.R. II-10).

State's Exhibit 1, the P.S.I. Report was entered into evidence prior to sentencing (C.R. III-12).

The letters from Marisa C., Maribel G., and the complaining witness Anabel C., appear in Court Reporter's Volume IV page 34 through 39 and reflect their views about the offense the defendant and the effect of the offense on the victim.

Specifically the letter signed by Marisa C., stated that the stress is overwhelming, she feel like her friend will begin to judge her and she Request that the Applicant be sentence to life in prison without parole C.R. IV-35. The letter signed by Maribel G., stated that she hope that the Applicant was given enough time to truly change C.R. IV 36 the letter signed by Anabel C., stated that the Applicant should go to prison and stay there for life C.R. IV 37).

Applicant contend that the error was not harmless in this case. The Record Reflects that the Applicant was eligible for probation, C.R. III-3, 4) but was sentenced to twenty-five year, T.D.C., after the victim impact statement requesting a life sentence were entered into evidence C.R. III-13) The pertinent statute is both clear and explicit: Article 42.03 require that the victim statement be Read after the sentence has been imposed and after the Court has announced the terms and conditions of the sentence. Tex. Code Crim. Proc. Ann. Art 42.03 Sec. 1(b) Vernon Supp 2013).

18.

Applicant Requests that this Court Reverse the trial court's judgment and render the judgment that the trial court should have rendered: Applicant specifically requests that the court suspend a finding of guilt and place him on deferred adjudication probation. If the applicant is not a perfect probationer, the trial court may always amend the conditions of community service to include jail time as long as that condition is not inextricably connected to the victim's statement asking for prison time. Johnson v. State, 286 S.W. 3d 346 (Tex. Crim. App. 2009)

This Court should Reverse applicant's conviction and render the judgment that the trial court should have rendered Tex. R. App. P. 43. 2 (c) Vernon Pamp 2013); Tex R. App. P. 44. 2 (a) Vernon Pamph 2013); Tibbs v. Florida 457 U.S. 31, 102 S. Ct 2211, 72 L. Ed. 2d 653 1982); Meraz v. State 785 S.W. 2d 146 (Tex. Crim App. 1990).

19.

# VII.

## Prayer for Relief

Wherefore Premises Considered, Applicant pray that this Honorable Court to Consider each and every point of Errors Raised herein, to Reverse Applicant's Conviction and to Order a judgment of Acquittal as the law and justice demand, under the Tex. Crim. App. P. 44.29 (b).

Respectfully Submitted

Stevie Wyre
TDCJ # 1858012
Eastham Unit
2665 Prison Rd # 1
Lovelady, Texas
Pro-se

# VIII.

## Certificate of Service

I certify that the Original Application for Memorandum is Support of Application for writ of Habeas Corpus have been mail to the office of Chris Daniel Clerk" of Harris County District. P.O.Box 4651 Houston Texas on the 13 day of May 2015

Stevie Wyre

20.